PROB 12B
(12/98)

# United States District Court

for

### District of Southern Ohio

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender

*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: **Shannon Raines**                                   Case Number: **1:00CR00041**

Name of Sentencing Judicial Officer:     **The Honorable Susan J. Dlott**
**United States District Judge**

Date of Original Sentence: **October 25, 2000**

Original Offense: **Theft of Firearms from a Federal Licensee**

Original Sentence: **30 month(s) prison, 36 month(s) supervised release**

Type of Supervision: **Term Of Supervised Release**        Date Supervision Commenced: **January 3, 2003**

## PETITIONING THE COURT

[ ]   To extend the term of supervision for  years, for a total term of  years.
[X]   To modify the conditions of supervision as follows:

> To participate in a halfway house for 90 days

## CAUSE

On October 25, 2000, the Court sentenced Mr. Raines to 30 months imprisonment followed by three years supervised release after having been charged with Theft of Firearms from a Federal Licensee. As a condition of his supervised release, he was ordered to pay restitution in the amount of $36,586.45. On January 3, 2003, he was released from the Bureau of Prisons to commence his term of supervised release.

As the Court may recall, this is the second time the Court has been notified of Mr. Raines non-compliance. The first petition was filed on June 30, 2004, and the Court signed a warrant on July 7, 2004 for his non-compliance. At that time, Mr. Raines had not reported to the probation office since September 29, 2003 despite the probation officer sending numerous letters for Mr. Raines to report. He also had not submitted any monthly reports since September 29, 2003.

Mr. Raines turned himself in to the U.S. Marshal's office in July 21, 2004 following a hearing with Magistrate Judge Hogan on July 27, 2004. Mr. Raines was released on bond with electronic monitoring. In lieu of a violation hearing, Mr. Raines and his attorney were in agreement with the United States Attorney's office to allow Mr. Raines to complete three months home confinement with electronic monitoring in lieu of incarceration. The Court agreed with this matter.

During that time, Mr. Raines' case was transferred to this probation officer. While on supervision, Mr. Raines completed his electronic monitoring; however, he tested positive for the use of marijuana on August 17, 2004. When confronted on his urinalysis, Raines stated he did not have a substance abuse problem and could stop using at any time. This officer also reminded him that testing positive four times within a one-year period could result in mandatory revocation of supervision.

PROB 12B
(12/98)

2

On September 30, 2004, Mr. Raines again tested positive for marijuana. He was confronted about his usage to which he denied any problems. Mr. Raines was informed he would be given one more chance to quit using before being referred for outpatient treatment to which he agreed. On October 22, 2004, this officer met with Raines, and he finally admitted he had been smoking marijuana since he was 15 years old and could not stop using. He also said he had anxiety issues and smoking marijuana helped him not be so anxious. As a result, he was referred for outpatient counseling at The Counseling Center in West Union, Ohio. He was scheduled for an appointment on November 4, 2004, but stated he missed that appointment because his friend was in the hospital. He was told to reschedule immediately. He never made another appointment.

On November 11, 2004, Mr. Raines left a message with this officer that he was taking a truck driving job with a moving company which involved him traveling to various cities around the United States. During this time, this officer attempted several times to contact Mr. Raines and finally spoke with him on December 10, 2004. This officer admonished him for leaving the district without prior approval and for not complying with treatment. On December 30, 2004, Mr. Raines reported to the probation office and met with supervising probation officer John Cole regarding his non-compliance and continued use of drugs. Mr. Raines was again given an opportunity to comply with treatment and abstain from using. Mr. Raines agreed that he would be compliant, but he also tested positive for marijuana on December 30, 2004.

Unfortunately, things have not improved for Mr. Raines. He tested positive for marijuana on February 28, 2005, and finally agreed to go to counseling. However, he has only kept one appointment with the counselor. In March 2005, Raines moved without providing this officer with a new address or phone number, and he did not contact this officer for one month despite several attempts to contact him. He finally contacted this officer on April 6, 2005, and a non-compliance hearing was held with supervising probation officer, John Cole. It was agreed that Mr. Raines would enter a half-way house for 90 days. Mr. Raines reported to the probation office on April 22, 2005, and signed Probation Form 49, waiving a hearing with the Court, and agreed to enter the halfway house. This form is attached for the Court.

At this time, it is respectfully recommended that the Court modify Mr. Raines conditions of supervised release and order that he complete 90 days in a halfway house.

Respectfully submitted,

by Darla J. Huffman
U. S. Probation Officer
Date: **April 24, 2005**

Approved,

by John C. Cole
Supervising U. S. Probation Officer
Date: 4/25/05

THE COURT ORDERS:

[ ] No Action
[ ] The Extension of Supervision as Noted Above
[X] The Modification of Conditions as Noted Above
[ ] Other

Signature of Judicial Officer

April 27, 2005
Date

PROB 49

# UNITED STATES DISTRICT COURT
## Southern District of Ohio

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

   I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel" I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing. I also understand I have the right to contact an attorney prior to signing this waiver.

   I hereby knowingly and voluntarily waive my right to consult an attorney before signing this waiver and I knowingly and voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

   To participate in a halfway house for 90 days

Witness: _____     Signed: _____
             U.S. Probation Officer                         Probationer or Supervised Releasee

                              April 22, 2005
                                  DATE